Colls, Plaintiff and Appellant, *v.* Municipality of Lares, Defendant and Appellee.

Appeal from the District Court of Aguadilla in an Action for Damages and Abatement of Nuisance.

No. 1338.—Decided May 18, 1916.

Nuisance—Annoyance—Property Right.—To constitute a nuisance, there must be a violation of a lawful right. A mere annoyance without fault is not a nuisance.

Id.—Damages—Prescription.—Under sections 1869 and 1803 of the Revised Civil Code an action against a municipality for damages arising from the construction of an alleged nuisance, consisting of a sewer, retaining wall and embankment built in order to open and grade a street, prescribes in one

year in the absence of proof of damages resulting from the continuing nuisance. ,

ACTION EX DELICTO—DAMAGES.—In an action *ex delicto* for the reparation of an injury the damages are generally the gist of the wrong.

The facts are stated in the opinion. ·

*Mr. Francisco Acevedo* for the appellant.

*Mr. José D. Rodríguez* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In August, 1914, petitioner, appellant, brought suit against the municipality of Lares, appellee, for damages and to abate as a nuisance a sewer and a retaining wall and embankment constructed in 1912 by respondent, the wall and embankment having·been built in order to open and grade a street in front of petitioner's house.

Sections 1869 and 1803 of the Revised Civil Code, in so far as pertinent, are as follows:

"Section 1869.—The following prescribe in one year:

"1. * * *.

"2. Actions to demand civil liability * * * for obligations arising from the fault or negligence mentioned in section 1803 from the time the aggrieved person had knowledge thereof.

"Section 1803.—A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done."

The first assignment of error is that the district court erred in holding, as one of the grounds upon which the final judgment on the merits was based, that the petition does not state facts sufficient to constitute a cause of action in that it appears from the face thereof that the action brought is governed by the sections of the Civil Code just quoted, and, therefore, is barred by limitation.

The argument of appellant takes as a starting point section 26 of the Law of Evidence, which reads as follows:

"Section 26.—In the construction of a statute or instrument, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several pro-

visions or particulars, such a construction is, if possible, to be adopted as will give effect to all.''

It is urged that, inasmuch as section 277 of the Code of Civil Procedure, set out verbatim in case No. 1348, *Giervolini* v. *Succession of Rodriguez,* just decided, says nothing of fault in defining a nuisance, this case involves no question of fault or the absence thereof upon the part of the respondent municipality.

The contention as made necessarily assumes that the Legislature, in absolute ignorance or in deliberate derogation of all precedent and of all previous definition and universally recognized elements of nuisance, undertook to create something entirely new in the way of a remedy for any annoyance or personal inconvenience whatsoever suffered by one person and caused by another, regardless of the respective rights of the parties as regulated and prescribed by the most elementary and fundamental principles of law and justice. To state the proposition is to refute it.

''To constitute a nuisance there must be a breach of legal right; or, as Mr. Cooley puts it, a mere annoyance without fault is not a nuisance.'' Vol. II, Jaggard on Torts, p. 788, § 242; id. p. 744, §§ 232, *et seq.;* Cooley on Torts (2nd ed.) p. 670, §§ 565 *et seq.*

Plaintiff's cause of action, if any he has, on the face of his petition, necessarily arises *ex delicto.* Damages are ordinarily, if not always, the gist of the wrong. No argument is required to establish the proposition that an action for damages is an action sounding in tort. And it is quite clear that, in so far as the claim for damages resulting from the construction of the retaining wall and embankment, which is plainly the head and front of the present suit, is concerned, the action is barred.

The case as made practically eliminates any question of liability on the part of the municipality on account of the sewer and can hardly be said to involve any serious question of abatement or of a continuing nuisance. Some evidence of

damages resulting from the continued maintenance of the obstruction, as distinguished from the mere construction thereof, would have been an indispensable prerequisite to recovery on the theory last suggested. No such damages are shown.

The fourth assignment is that the district court erred in finding and specifying as the fourth ground for its judgment that the improvements were made by the municipality with the express consent of petitioner, appellant herein. Without going into details it will suffice to say that the finding is amply sustained by the record and that, after a careful examination of all the evidence, we fully concur in the conclusion reached by the trial court upon this point.

Were it necessary we might add that, if the trial judge had also found that the means of ingress and egress to and from the property of petitioner had been facilitated and improved and the value of the property itself enhanced rather than depreciated by the structures in question, we likewise would have concurred in such further findings of fact.

In the circumstances, any discussion of the other assignments would be worse than superfluous.

The judgment must be

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Chief Justice Hernández concurred in the judgment.